UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **DALE PENNINGTON,**<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>**MORE CONSULTING CORP.,**<br>and **BRIAN J. MORRELL,** an individual,<br><br>　　　　　　　Defendants. | **COMPLAINT FOR DAMAGES**<br><br>Case No. _____<br><br>**JURY TRIAL REQUESTED** |

### INTRODUCTION

1. Plaintiff Dale Pennington worked for More Consulting Corp. for nearly three years, from July 8, 2019 until he was laid off January 28, 2022 because he complained about being underpaid. While working for Defendants, Plaintiff performed roofing-related work, largely in public schools, under the NYS Department of Labor classification of an Operating Engineer, Class B.  Specifically, Plaintiff was a boom truck operator.  When he first started his rate of pay was $37.50; it increased to $40.00 per hour in October 2019. However, he was performing work that should have been paid at the prevailing wage rate, which was significantly higher.  Much of this work was overtime.  In 2020, after Plaintiff complained about being underpaid and after being threatened by Defendants' counsel, Plaintiff was presented with a "take-it-or-leave-it" settlement offer for which he was told he would only get paid for hours he worked in 2020, even though it released his 2019 claims too.  Plaintiff was not represented by counsel when any of this took place, nor was the agreement approved by a court of law or by the Department of Labor.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

2. To challenge his wage underpayments, Plaintiff brings this action, by and through his attorneys, against Defendants More Consulting Corp., and Brian J. Morrell, an individual, to recover unpaid or underpaid wages and other damages under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* (hereinafter "FLSA") and the New York Labor Law (hereinafter, "NYLL"). He also brings associated state law claims of third party beneficiary claims, unjust enrichment, and conversion.

3. Plaintiff further alleges that Defendant violated the anti-retaliation provisions of the FLSA and NYLL by reducing his hours and then ultimately terminating his employment in response to his complaints about being underpaid his wages.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. § 1331, by virtue of federal questions, 29 U.S.C. § 201 *et seq.* of the FLSA.

5. This Court has supplemental jurisdiction over Plaintiff's state law claims by authority of 28 U.S.C. § 1367.

6. Venue lies with this Court pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 201 *et seq.* A significant portion of the events giving rise to the instant litigation occurred within this judicial district and one or more of the Defendants named herein resides in this judicial district.

## PARTIES

**Defendant More Consulting Corp.**

7. Defendant **More Consulting Corp.** (hereinafter "More") is a New York corporation doing business within Suffolk County, and whose principal place of business is located at 19 Old Dock Road in Yaphank, NY 11980. Its DOS Process agent is listed with the NYS

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

Department of State as More Consulting Corp. with an address of 19 Bergen PL., Port Jefferson, NY 11776.

8. Defendant More operates a construction company located at 19 Old Dock Road in Yaphank, NY.

9. Plaintiff received his paychecks and W-2's from Defendant More.

10. Defendant Morrell is listed as the CEO of More.

11. At all relevant times, Defendant More had annual gross revenues in excess of $500,000.

12. At all relevant times, Defendant More was engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

13. At all times material to this action, Defendant was subject to the FLSA and was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

**Defendant Brian J. Morrell**

14. Defendant Brian J. Morrell, an individual, resides in Suffolk County, upon information and belief.

15. At all times material to this action, Defendant Morrell actively participated in the business of the corporation. He exercised substantial control over the functions of the company's employees, including Plaintiff.

16. Defendant Morrell hired and then later terminated the Plaintiff, and also controlled Plaintiff's pay.

17. At all times material to this action, Defendant Morrell was an additional "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

18. Defendant Morrell has an ownership interest in and/or is a shareholder of More.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Pennington v. More Consulting Corp.*
USDC, Eastern District of New York

Complaint
Page 3

19. Defendant Brian J. Morrell is one of the ten largest shareholders of More.

**Plaintiff Dale Pennington**

20. Plaintiff Dale Pennington is a resident of Oswego County, New York.

21. At all times material to this action, Plaintiff Pennington was an "employee" within the meaning of 29 U.S.C. § 203(e).

22. Plaintiff worked for More from July 1, 2019 to January 28, 2022.

23. As an Operating Engineer Class B, Plaintiff's duties and responsibilities included operating machinery such as a boom truck, maintaining vehicles, fixing machinery, and attending to certain needs at the warehouses.

24. Most of Plaintiff's active construction work took place at public schools.

25. Plaintiff's boss was Defendant Morrell.

26. Pennington estimates that generally he worked approximately 55 hours per week.

27. While working in this capacity, Plaintiff Pennington was not expected to record his time worked, though he did anyway. The time for which he was paid was kept by his supervisor, who would reduce Plaintiff's logged hours.

28. Plaintiff Pennington's start and end times of work varied daily. He usually worked 5 days per week, but he also regularly worked Saturdays and holidays.

29. Defendants "shaved" or improperly adjusted Plaintiff's time by entering inaccurate hours.

30. Plaintiff Pennington also had time deducted for breaks even though he frequently worked through his break.

31. Defendants also underpaid Plaintiff by not classifying Plaintiff's work as "prevailing wage" work, or not paying at the right rates, to pay him less than what he should have been paid.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Pennington v. More Consulting Corp.*
USDC, Eastern District of New York

Complaint
Page 4

32. While in this position, Plaintiff Pennington's rate of pay was at first $37.50 per hour and then $40.00 per hour starting in October 2019.

33. Under the Prevailing Wage Rates published by the NYS DOL, an "Operating Engineer Class B" includes "Boom Truck" operators.

34. Under this classification, boom truck operators working on qualifying jobs should have been at least the base prevailing wage rate of $59.27 in 2019 and $64.71 in 2020, not including supplemental benefits, holiday pay, or other benefits.

35. On occasion Defendants did in fact classify and pay Plaintiff as an Operating Engineer, Class B and paid him at prevailing wages, but not consistently and not for all prevailing wage jobs on which he worked.

36. Plaintiff Pennington was not properly paid his correct wages and overtime wages for all of the hours he worked in 2019 or 2020, including overtime hours.

## LEGAL CLAIMS

### As And For A First Cause of Action:
### FAIR LABOR STANDARDS ACT (FLSA) VIOLATIONS

37. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

*Failure To Pay Time Overtime Properly*

38. Defendants failed to compensate Plaintiff at a rate of one and one half times his normal hourly rate(s) for all hours over 40 worked in a workweek, in violation of the FLSA.

*Improper Automatic Break Deductions When Breaks Not Taken*

39. Defendant's agents regularly deducted time from Plaintiff's time logged (approximately one half hour per shift) for alleged breaks or mealtimes.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Pennington v. More Consulting Corp.*
USDC, Eastern District of New York

Complaint
Page 5

40. Due to the nature of his responsibilities, Plaintiff was rarely able to take a break during his shifts.  To the extent that he was able to take a break at all, it was generally in the range of 5-20 minutes.

41. Plaintiff's superiors were aware that Plaintiff did not regularly take the 30 minutes being deducted from his pay for alleged break time.

42. Defendant improperly deducted time for alleged break time despite the fact that its management agents were aware that Plaintiff regularly did not in fact take breaks of 30 or more minutes during his shifts.

43. To the extent that Plaintiff took any breaks at all, they were "rest periods" as defined by the regulations interpreting the FLSA, 29 C.F.R. § 785.18, and were therefore compensable.

44. As a result of these deductions, Defendant failed to pay Plaintiff for all hours he actually worked.

45. Further, as a result of these deductions, Defendant failed to pay Plaintiff for the hours above 40 worked in a workweek at a rate of time and a half his normal hourly rate.

### *Record-Keeping Failures*

46. Because of the unlawful manipulations to the time records, Defendants repeatedly failed to make, keep, and preserve accurate records regarding the wages, hours, and other conditions of employment of Plaintiff, in contravention of the FLSA and affiliated Regulations, 29 U.S.C. §§ 211(c), 215(a)(5) and 29 C.F.R. § 516.

### *Willful & Not Based On Good Faith & Entitlement to Damages*

47. Defendants had no good faith basis for believing that their pay practices as alleged above were in compliance with the law.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Pennington v. More Consulting Corp.*
USDC, Eastern District of New York

Complaint
Page 6

48. The foregoing conduct constitutes a "willful" violation of the FLSA, 29 U.S.C. § 255(a).

49. As a result of the violations by Defendant of the FLSA, the Plaintiff is entitled to all damages available under the FLSA which include, but are not limited to, all unpaid wages, overtime, liquidated damages, attorney fees, costs, and interest, as set forth in the FLSA, more specifically 29 U.S.C. § 216(b).

### As And For A Second Cause of Action:
### NEW YORK LABOR LAW (NYLL) VIOLATIONS

50. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

51. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

**Failure To Pay Owed Wages**

52. Defendants paid Plaintiff at a rate less than the proper prevailing wage rate.

53. In so doing, Defendants made deductions from the wages of Plaintiff other than those authorized under NYLL § 193. See also 12 N.Y. Comp. Codes R. & Regs. § 142-2.10.

**Failure To Pay Overtime**

54. Defendants failed to compensate Plaintiff at a rate of one and one half times his correct hourly rates for hours over 40 in a workweek and failed to pay him for all of his overtime hours worked, in contravention of N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2.

**Failure To Pay Wages At Prescribed Frequency**

55. The timing and frequency of Plaintiff's pay was improper.

56. Plaintiff was a "manual worker" as that term is defined in NYLL § 190(4).

57. Plaintiff was not consistently paid for his full amount owed at regular weekly intervals, nor

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

was there any agreement in place as contemplated by NYLL § 191(1)(a)(ii). The employer failed to pay full wages and/or overtime on the regular payment date.

### *Failure to Provide Wage Notices*

58. Defendant failed to furnish Plaintiff with a "wage notice" containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, in contravention of NYLL § 195(1)(a) and § 198(1)(b)

### *Record-Keeping Failures*

59. At all relevant times, Defendant More failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of NYLL § 661.

60. At all relevant times, Defendant failed to establish, maintain and preserve for not less than three years payroll records showing the hours worked, gross wages, deductions and net wages for each employee, in contravention of NYLL § 195(4) and 12 N.Y. Comp. Codes R. & Regs. 142-2.6.

61. Defendant failed to keep a time book showing the names and addresses of its employees and the accurate hours worked by each of them in each day, in contravention of NYLL § 161(4).

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Pennington v. More Consulting Corp.*
USDC, Eastern District of New York

Complaint
Page 8

*Damages*

62. Due to Defendant's New York Labor Code violations, Plaintiff is entitled to recover his unpaid wages, overtime, liquidated damages, interest, reasonable attorneys' fees, and costs associated with bringing the action. NY Lab. Code § 663(1).

### As And For A Third Cause of Action:
### PREVAILING WAGE (THIRD PARTY BENEFICIARY) CLAIMS

63. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

64. Defendants have entered into various contracts agreeing to serve as contractors or subcontractors for contractors having public works contracts with public entities, such as public schools.

65. Federal, state and/or city funds pay for these public works contractors.

66. Plaintiff performed the work on behalf of Defendants.

67. Without the labor of Plaintiff (or others like him), Defendants would not have been able to fulfill their contractual obligations.

68. Plaintiff was a third party beneficiary of the contracts.

69. Plaintiff was entitled to receiving prevailing wages for his work.

70. Defendants failed to pay Plaintiff the proper prevailing wages for the work he performed under these contracts.

### As And For A Fourth Cause of Action:
### FLSA – RETALIATION

71. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Pennington v. More Consulting Corp.*
USDC, Eastern District of New York

Complaint
Page 9

here.

72. Plaintiff first asked, and then complained about not being paid prevailing wages for his regular and overtime pay, and about his hours being cut by Defendant Morrell.

73. Plaintiff's complaints were met with threats by Defendants and Defendants' counsel.

74. Defendants eventually agreed to pay Plaintiff only some of his owed back wages, and only for some hours worked in 2020, in a "take-it-or-leave-it" scenario.

75. At the height of the pandemic and having financial worries, Plaintiff worried that he would lose his job if he did not agree.

76. At no time was Plaintiff represented by counsel, nor was he advised by anyone on what to do.

77. When Defendants finally did pay Plaintiff some of his back wages, his "wages" were classified as a "bonus" and taxed at around fifty percent.

78. After paying Plaintiff for some of his backpay Defendants began to pay him prevailing wages, and they also began cutting his hours.

79. Plaintiff again complained about his wages, and also began to question the fairness of the retro pay he had received.

80. At that point, Defendants decided to effectively terminate Plaintiff without any notice.

81. By complaining about the propriety of these pay practices to Defendants, Plaintiff engaged in activity protected under the FLSA.

82. Plaintiff's termination from employment was an adverse employment action.

83. Plaintiff's termination from employment was causally connected to his wage underpayment complaints.

84. Defendants violated the provisions of Section 15(a)(3) of the FLSA (29 U.S.C. §

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Pennington v. More Consulting Corp.*
USDC, Eastern District of New York

Complaint
Page 10

215(a)(3)), by discriminating against Plaintiff for exercising rights protected under the Act. As a result of these violations by Defendants, the Plaintiff is entitled to damages as set forth in the FLSA, more specifically 29 U.S.C. § 215(a)(3), in an amount to be determined at trial.

### As And For A Fifth Cause of Action:
### NYLL – RETALIATION

85. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

86. As set forth above, Plaintiff engaged in an activity protected under NYLL § 215(2).

87. Plaintiff's termination from employment (and the threats and reduction in hours leading up to it) was an adverse employment action.

88. Plaintiff's termination from employment was causally connected to his wage complaints.

89. Defendants violated the provisions of NYLL § 215 by retaliating against Plaintiff for exercising protected rights.

90. As a result of these violations by Defendants of the NYLL, the Plaintiff is entitled to damages as set forth in the NYLL, more specifically NYLL § 215(2), in an amount to be determined at trial.

### As And For A Sixth Cause of Action:
### CONVERSION

91. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

92. Plaintiff, as a third party beneficiary of prevailing wage contracts, had a lawful right to be

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Pennington v. More Consulting Corp.*
USDC, Eastern District of New York

Complaint
Page 11

paid at prevailing wage rates for his work.

93. Defendants intentionally failed to pay Plaintiff at or above the prevailing wage rates applicable to him.

94. Defendants also acknowledged that they underpaid Plaintiff.

95. By their deliberate underpayment Defendants committed theft of the balance of Plaintiff's owed wages.

96. For the civil aspect of this theft, Plaintiff is entitled to receive conversion damages in an amount to be determined at trial.

### As And For A Seventh Cause of Action:
### UNJUST ENRICHMENT

97. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

98. Defendants entered into lucrative contracts with the government that contained requirements to pay workers at prevailing wage rates.

99. Be retaining the full contractual amounts and not paying the workers the full extent of the prevailing wages that they should have Defendants were unjustly enriched.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

(A) Award Plaintiff unpaid and underpaid wages due under the FLSA and the New York Labor Law;

(B) Award Plaintiff liquidated damages in the amount of his unpaid FLSA wages pursuant to 29 U.S.C. § 216(b);

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Pennington v. More Consulting Corp.*
USDC, Eastern District of New York

Complaint
Page 12

(C)   Award Plaintiff liquidated damages pursuant to NYLL § 663;

(D)   Award Plaintiff third party beneficiary, conversion, and/or unjust enrichment damages;

(E)   Award Plaintiff appropriate damages for the retaliatory acts taken against through him, including back pay, front pay in lieu of reinstatement, liquidated damages, emotional distress, other appropriate actual, general, or compensatory damages, and punitive damages, in an amount to be determined at trial;

(F)   Award Plaintiff interest;

(G)   Award Plaintiff the costs of this action together with reasonable attorneys' fees; and

(H)   Award such other and further relief as this Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Respectfully submitted, this **24th** day of **October, 2022.**

ANDERSONDODSON, P.C.

*s/Penn Dodson*
**Penn A. Dodson (PD 2244)**
penn@andersondodson.com
11 Broadway, Suite 615
New York, NY 10004
(212) 961-7639

*s/ Lenard Brumfield*
**Lenard Brumfield (LB 0411)**
lbrumfield@andersondodson.com
11 Broadway, Suite 615
New York, NY 10004
(212) 961-7639

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Pennington v. More Consulting Corp.*
USDC, Eastern District of New York

Complaint
Page 13